[Docket No. 17]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

LAURA H.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil No. 20-12633 (RMB)

**MEMORANDUM ORDER**

**RENÉE MARIE BUMB, Chief United States District Judge:**

    Plaintiff Laura H., by and through her attorney Richard Frankel, Esq. ("Counsel"), moves for an award of attorney's fees under Section 406(b) of the Social Security Act. 42 U.S.C. § 406(b). Counsel represented Plaintiff in social security proceedings before the Social Security Administration and on appeal before this Court pursuant to a representation agreement originally entered into on July 16, 2018 [Docket No. 17-4.] In that agreement, Plaintiff agreed that Counsel would receive 25% of any past due disability benefits awarded by the Social Security Administration after her appeal to federal court. The Social Security Administration

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts should refer to plaintiffs in social security disability cases by only their first names and last initials given the significant privacy concerns in these matters. *See also* D.N.J. Standing Order 2021-10.

awarded Plaintiff past due benefits in the amount of $129,560.00 for the period of November 2017 through December 2023, with ongoing monthly benefits in the amount of $1,762.00 for as long as she remains disabled. [Pl.'s Br. at 1 (Docket No. 17-1); Notice of Award (Docket No. 17-7).] Counsel seeks 25% of the past due award amount, $32,390.00, to satisfy the representation agreement. [Pl.'s Br. at 1.] The Commissioner of Social Security does not oppose the motion. [Docket No. 18.]

For the below reasons, the fee application will be **GRANTED, in part, and DENIED, in part**.

## I. STANDARD OF REVIEW

The Social Security Act allows an attorney to have a contingent-fee arrangement with a social security claimant under which the attorney receives a percentage of the benefits award. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (explaining the Act "does not displace contingent-fee agreements"). Section 406(b) of the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b). "Contingent fee arrangements are 'the primary means by which fees are set for successfully representing Social Security benefits claimants in court.'" *Laurice A.H. v. Kijakazi*, Civ. A. No. 20-18687 (GC), 2023 WL 8237336, at *2 (D.N.J. Nov. 28, 2023) (quoting *Gisbrecht*, 535 U.S. at 807). Pursuant to Section 406(b),

contingent-fee arrangements providing for fees beyond 25% of past due benefits are "unenforceable." *Gisbrecht*, 535 U.S. at 807.

While Congress allows contingent-fee arrangements in the social security realm, courts must police those agreements to ensure they are reasonable. *Id.* ("§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). In doing so, courts look to "the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding." *Leak v. Comm'r of Soc. Sec.*, Civ. A. No. 11-51 (CCC), 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017). "Courts should [also] consider the nature and length of the professional relationship with the claimant—including any representation at the agency level[.]" *Fields v. Kijakazi*, 24 F.4th 845, 855 (2d Cir. 2022). "While § 406(b) fees compensate counsel for court-related work, consideration of 'the time spent and work performed by counsel on the case when it was pending at the agency level' can inform a district court's understanding of 'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court.'" *Id.* (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)). And courts must never forget "'the primacy of lawful attorney-client fee agreements.'" *Acosta v. Comm'r of Soc. Sec.*, No. 22-1454, 2022 WL 1598947, at *1 (3d Cir. May 20, 2022) (quoting *Gisbrecht*, 535 U.S. at 793).

Courts can reduce "an attorney's recovery based on the character of the representation and the results the representative achieved," or "[i]f the attorney is responsible for delay." *Gisbrecht*, 535 U.S. at 808. Courts will also reduce a fee award when "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* Said another way, courts will reduce a fee award to prevent windfalls to attorneys. *Id.* In evaluating fee applications, courts have struggled to determine what constitutes a windfall to attorneys. *See generally Arnold v. O'Malley*, 106 F.4th 595, 600–01 (7th Cir. 2024); *accord Fields*, 24 F.4th at 853-54. The windfall analysis is not "a way of reintroducing the lodestar method" to determine whether a fee under Section 406(b) is reasonable. *Fields*, 24 F.4th at 854. Because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* Finally, if the attorney has received a fee award under the EAJA, the attorney must refund that award to the social security claimant. *Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (alteration in original, citation omitted))).

## II. DISCUSSION

Considering the relevant factors, the Court finds that the $32,390.00 requested fee would result in a windfall to Counsel. The Court first considers Counsel's

4

experience. While Counsel has submitted no affirmation detailing his background or experience, he provides some background information in a footnote of his moving brief. [Pl.'s Br. at 3 n.3.] Counsel represents that he graduated in 2005 from Temple University's Beasley School of Law and that he has spent the entirety of his twenty-year legal career representing claimants in social security matters. He also avers that he has delivered numerous lectures on disability law and litigated extensively in the related area of ERISA disability benefits. [*Id.*]

Next, the Court considers Counsel's hourly rate and the nature of the contingent fees sought. *Jawan H. v. Comm'r of Soc. Sec.*, Civ. A. No. 20-3486 (RMB), 2024 WL 2318930, at *3 (D.N.J. May 22, 2024) (citing *Leak v. Comm'r of Soc. Sec.*, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017)). Counsel seeks $32,390.00, representing 25% of Plaintiff's past due benefits award. According to Counsel, he spent 20.9 hours on Plaintiff's social security appeal and his standard non-contingent hourly fee rate is $450. [Pl.'s Br. at 3 n.3.] This results in an imputed effective hourly rate of $1,549.76, which is over three times Counsel's standard rate.[2] Courts in this District often reduce

---

[2] Even deducting the EAJA fee award that Counsel must remit to Plaintiff, his imputed hourly rate is $1,341.93, which is just below three times Counsel's standard rate. Regardless of how the rate is calculated, Counsel's claim that his imputed hourly rate "is approximately less than twice Mr. Frankel's standard" rate is plainly incorrect. [*See* Pl.'s Br. at 3 n.3.] The Court observes that Mr. Frankel has made this error before. In *Rossi*, Mr. Frankel moved for attorney's fees, seeking an imputed hourly rate of $1,295. While Mr. Frankel claimed there too that this was "approximately less than twice [his] standard" rate, it was "actually just less than three times his standard rate." *Rossi v. Comm'r of Soc. Sec.*, No. 1:19-CV-08544-NLH, 2023 WL 6533488, at *2 n.1 (D.N.J. Oct. 6, 2023). The court proceeded to reduce Mr. Frankel's award to reflect an hourly rate of $950, "which is slightly higher than twice" his typical rate. *Id.* at 2.

imputed hourly rates that are roughly three times counsel's standard hourly rate. *See, e.g.*, *Jawan H.*, 2024 WL 2318930, at *3; *Rossi*, 2023 WL 6533488, at *2–3; *see also Rothenbecker v. Astrue*, 764 F. Supp. 2d 697, 699 (M.D. Pa. 2011) (reducing effective rate from $1,013.50 to $850 where counsel's standard non-contingency hourly rate was $400, thus awarding an hourly rate just over twice his standard rate). The requested hourly rate also far exceeds the EAJA hourly rate previously requested (just $207.83).

And, while neither the Commissioner nor Plaintiff have objected to the fee application, Counsel has not pointed "to any specific complexities of this case" justifying an increased hourly rate. *See Rossi*, 2023 WL 6533488, at *2. The appeal, to the contrary, "appear[ed] routine" as it was based on just three arguments. *See Jawan H.*, 2024 WL 2318930, at *3.

The Court turns to the other factors. Clearly, there was a genuine risk of non-recovery in this case absent Counsel's work in securing a favorable result for his client. Indeed, Plaintiff had previously been denied benefits initially by the ALJ and again before the Appeals Council before securing a favorable result in federal court. [Pl.'s Br. at 2.] There is nothing to suggest that Counsel was in any way responsible for the lengthy time between Plaintiff's initial application and the favorable resolution. The Court also notes the considerable "length of the professional relationship with the claimant." *Fields*, 24 F.4th at 855. While fees awarded under Section 406(b) are intended to compensate for "court-related work," the Court recognizes that Counsel represented Plaintiff for years at the agency level as well. *See id.*

Given Counsel's background and experience, his standard hourly rate, how long he spent on this matter, and the issues involved in the appeal, the Court finds that enforcing the representation agreement to allow Counsel to receive 25% of Plaintiff's past due benefits award would result in a windfall to Counsel. *See, e.g.*, *Jawan H.*, 2024 WL 2318930, at *4; *Rossi*, 2023 WL 6533488, at *2. Thus, the Court reduces Counsel's imputed hourly rate to $950.00, which is slightly more than twice his standard hourly rate. Considering the reduced imputed hourly rate and the number of hours worked, Counsel will receive a fee award of $19,855.00, which constitutes roughly 15.3% of the past due benefits awarded received by Plaintiff. *Cf. Jawan H.*, 2024 WL 2318930, at *4 (reducing fee award to 17.7% of past due award); *Rossi*, 2023 WL 6533488, at *2 (reducing fee award to 18.1% of past due award).

### III. CONCLUSION

For the above reasons, and for good cause shown,

**IT IS**, on this **21st** day of **May, 2025**, hereby:

**ORDERED** that Plaintiff's Motion for Attorneys' Fees Pursuant to Section 406(b) of the Social Security Act [Docket No. 17] is **GRANTED, in part, and DENIED, in part**; and it is further

**ORDERED** that Counsel shall remit to Plaintiff Laura H. any amount he received in EAJA fees by this Court's previous award [Docket No. 16]; and it is finally

**ORDERED** that Counsel shall be awarded $19,855.00 in attorney's fees from Plaintiff Laura H.'s past due disability benefits award.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
Chief United States District Judge
